UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARRYL MAURICE YOUNG,

    Petitioner,

v.                                             Case No:  5:12-cv-400-Oc-35PRL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY
GENERAL,

    Respondents.[1]
_____/

## OPINION AND ORDER

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Darryl Maurice Young ("Petitioner") (Doc. 1, filed July 16, 2012). Petitioner challenges the findings and sanctions of a disciplinary report for the infraction of "aggravated battery or attempted battery on an inmate" Log No. 173-090032 (Doc. 1, p. 1). Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted. (Doc. 6.) Thereafter, Respondent filed a response (Doc. 9, filed October 8, 2012) to the writ of habeas corpus. Petitioner filed a reply to the response[2] (Doc. 10-2) and a supplement to the reply. (See Doc. 44).

---

[1] When a petitioner is incarcerated and challenges his present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2] Petitioner filed two documents titled "Traverse." (Doc. 10-2; Doc. 12.) After

Petitioner raises four grounds in his petition. After reviewing the pleadings filed in this case, including documents related to Petitioner's disciplinary hearing, the Court concludes that Petitioner is not entitled to habeas relief. Because the Court is able to resolve the entire petition on the basis of the record, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

**I.      Background and Procedural History**

Petitioner is in the custody of the Secretary of the Department of Corrections. On March 6, 2009, Petitioner was issued a disciplinary report ("DR") for "aggravated battery or attempted aggravated battery on an inmate" for an incident that occurred at Wakulla Work Camp. Fla. Admin. Code. R. 33-601.314 (1-10); (See Doc. 9-1, pp. 1-2.) The DR provides the following statement of facts:

> On March 6, 2009, I, Officer Q. Avant was assigned as housing officer in S Dormitory. At approximately 4:45pm I observed inmate Young, Darryl DC# X04261 (S1-145S) striking inmate Crosson, Charlie DC# 527687 (S1-103S) in the facial area with closed fists. Inmate Crosson ran out [of] the dorm for safety. Inmate Young was immediatley [sic] placed in restraints by A-Team responders. Shift OIC was notified and authrized [sic] this report. Inmate Young was advised of his placement in administrative confinement pending the charge 1-10 battery or attempted battery on an inmate.

(Doc. 9-1, pp. 1-2.)

---

reviewing the documents, the Court notes that the documents contain identical arguments. (Id.) The only difference between the two documents is one is hand written and the other is typed. (Id.) Therefore, the Court construes Petitioner's first document (Doc. 10-2) as a reply to the response and strikes the second document as duplicative (Doc. 12).

Petitioner received notice of the DR on March 6, 2009, informing Petitioner of the charges against him and advising him of his rights during the disciplinary process. (Id.) During the investigation, Petitioner requested nine witnesses to testify on his behalf. (Id. at 5-8.) Petitioner did not ask that a staff representative be assigned to assist him, declined to provide a statement, and declined to request evidence. (Id.) The investigator interviewed all of Petitioner's requested witnesses. (Id. at 9.)

On March 11, 2009, a disciplinary hearing was conducted. (Id. at 9-10.) Petitioner was present at the hearing and pled not guilty. (Id.) Petitioner also provided a written statement. (Id. at 9-14.) In his written statement, Petitioner asserted as a defense that he was provoked by inmate Crosson's alleged sexual advances. (See id. at 11-14.) The disciplinary committee determined Petitioner was guilty of the DR infraction and found as follows:

> Inmate Young found guilty based on Officer Avant's specific statement "On March 6, 2009, I, Officer Q. Avant was assigned as housing officer is Dormitory. At approximately 4:45pm I observed inmate Young, Darryl DC#X04261 (S1-145S) striking inmate Crosson, Charlie DC# 527687 (S1-103S) in the facial area with closed fists. Inmate Crosson ran out [of] the dorm for safety. Inmate Young was immediatley [sic] placed in restraints by A-Team responders. Shift OIC was notified and authrized [sic] this report. Inmate Young was advised of his placement in administrative confinement pending the charge 1-10 battery or attempted battery on an inmate." Also inmate Young's written admission that he did indeed assault inmate Crosson in retaliation for alleged sexual harrassment [sic].

(Id. at 10.)

As a result of the disciplinary committee's decision, Petitioner was assigned 60 days' disciplinary confinement and a loss of 364 days of earned gain time. (Id.) Petitioner employed his administrative remedies and filed two formal grievances and

three grievance appeals.  (Doc. 9-2.)  The Petitioner's first and second grievances were returned without processing as improperly filed.  (Id. 1-8.)  One of Petitioner's grievance appeals was returned without processing because it was submitted to the wrong respondent.  (Id. at 9-10.)  Petitioner's remaining two grievance appeals were addressed on the merits.  (Id. at 11-14.)

On May 14, 2009, Petitioner filed a petition for writ of mandamus to the Wakulla County Circuit Court seeking review of the disciplinary proceedings.  (Doc. 9.3.)  The Petition was transferred to Leon County Circuit Court on August 27, 2009.  (Docs. 9-4, 9-5.)  On March 21, 2011, the state circuit court denied mandamus relief.  (Doc. 9-3.)  On April 8, 2011, Young appealed the circuit court's denial of mandamus relief to the First District Court of Appeals.  (Doc. 9-6.)  On February 13, 2012, the state district court *per curium affirmed* the circuit court's order.  (Id. at 2.)  See Young v. Tucker, 80 So. 3d 1027 (Fla. 1st Dist. Ct. App. 2012).

Petitioner filed the instant petition on July 13, 2012 (Doc. 1).

## II.  Standard of Review

A state prisoner who is deprived of gain time as a result of a prison disciplinary proceeding that allegedly violated due process may seek federal habeas review, but such review is governed by restrictions set forth under 28 U.S.C. § 2254.  Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003).  Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably

applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

The Court recognizes that prison disciplinary proceedings are not part of a criminal prosecution, and therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

In Wolff, the United States Supreme Court held that when a liberty interest is at stake "written notice of the charges must be given to the disciplinary-action defendant in

order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Further, the Court held that "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. The Court further explained "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

The Court also noted "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. An inmate facing a disciplinary charge, however, has no constitutional right to confrontation and cross-examination of witnesses furnishing evidence against him at the disciplinary hearing. Id. at 567. The Court left this matter to the sound discretion of the officials of the state prisons. Id. at 569. Finally, the disciplinary hearing committee must be sufficiently impartial in that it must not present "a hazard of arbitrary decision making." Id. at 571.

**III.   Analysis**

Petitioner contends: (1) that he did not receive proper notice regarding the disciplinary investigation; (2) the "some" evidence standard is inapplicable in Florida; (3) Petitioner was prevented from earning 60 days of future gain time without notice; (4) Petitioner was prevented from earning an additional 10 days of future gain time without notice; and (6) the disciplinary hearing team failed to award Petitioner with time served for the time he spent in administrative confinement. (Id. at 6-28.) As relief, Petitioner seeks (1) restoration of forfeited earned gain time; (2) restoration of unearned gain time; (3) a case management order for discovery; (4) the disciplinary report to be expunged

due to alleged due process and equal protection violations; and (5) a custody status reduction. (Id. at 29-32.)

Respondent filed a response opposing the petition and attached supporting exhibits (Docs. 9, 9-1, 9-2, 9-3, 9-4, 9-5, 9-6). Respondent argues that the Petition is due to be denied because Petitioner's claims do not implicate federal law and are otherwise without merit or are improperly filed in a habeas proceeding. Specifically, Respondent argues that the due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) and Superintendent v. Hill, 472 U.S. 445 (1985) were not violated because the evidence was "adequate to support the determination that Petitioner committed the prohibited act as charged."

In his reply, Petitioner contends that the court should review the facts of this case *de novo* because the response implicates constitutional issues. (Doc. 10-2, ¶ 4.) Petitioner further argues that the disciplinary report does not support charges of both aggravated battery and attempted aggravated battery. (Id. ¶ 5.) The Petitioner also asserts that the facts required to address the constitutional issues in this case were not developed in the state court proceedings. (Id. ¶ 8.) In his supplement to the reply, Petitioner argues that the Court should apply the Florida Evidence Code because the finding of the disciplinary board failed to meet the evidentiary standards of state law. (Doc. 33.)

**A. Ground One**

In Ground One, Petitioner asserts the DR described more than one violation through the use of the word "or." (Doc. 1, pp. 6-10.) Specifically, Petitioner's first claim is based on a state administrative rule 33-601.304(1) Florida Administrative Code which

specifies that "only one violation shall be included in each disciplinary report." (Id.) According to Petitioner, the DR does not conform to this rule because it includes "aggravated battery or attempted aggravated battery."[3] (Id.) Petitioner submits that because of the numerous violations contained in the DR, he was substantively prejudiced because the advance written notice was vague and ambiguous and contrary to the "rule-one" offense. (Id.)

As set forth above, Petitioner's alleged due process claims must be measured according to the test established by the United States Supreme Court in Wolff v. McDonnell. It is not a question of whether state law or an administrative departmental policy was violated, but rather the inquiry concerns whether Petitioner's allegations rise to the level of a federal constitutional violation and whether the procedural deficiencies are ones that violate Petitioner's due process rights guaranteed to him pursuant to the Fourteenth Amendment of the United States Constitution.

---

[3] Petitioner also alleges the DR contained "four offenses" namely "battery and attempted battery" and "aggravated battery or attempted aggravated battery." (Id.) Respondent argues that Petitioner's "four violations claim" is unexhausted because Petitioner failed to raise it during the administrative grievance procedure. (Doc. 9, pp. 14-15.) The Court agrees. A petitioner, when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. 28 U.S.C. § 2254(b)(1)(A). The record shows Petitioner failed to adequately raise this claim in a properly filed administrative grievance prior to seeking mandamus relief in state court. (See Doc. 9-2, pp. 1-6.) Therefore, the claim is unexhausted and procedurally barred from review by this Court absent an exception to the procedural default bar. Petitioner does not show cause for his default or resulting prejudice, and he does not demonstrate that the fundamental miscarriage of justice exception applies. Accordingly, Petitioner's 'four violations claim' is dismissed as unexhausted and procedurally barred. Even assuming *arguendo* that Petitioner exhausted this claim, he is not entitled to the federal habeas relief he seeks for the reasons discussed herein. See 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).

The Court finds that Petitioner was provided with all the due process to which he was entitled pursuant to Wolff. The facts set forth in the record show that Petitioner was provided with written notice of the charge five days before the disciplinary hearings. Petitioner's lack of notice claim is based on a state administrative rule that does not implicate federal due process. Hildebrandt v. Butts, 550 F. App'x 697, 700 (11th Cir. 2013) ("Federal due process does not require that state prison officials strictly comply with administrative regulations governing disciplinary hearings in the prison setting."). The adoption of procedural guidelines does not automatically give rise to a liberty interest; thus, the failure to follow a prison directive or regulation does not give rise to a federal claim if constitutional minima are met. See Sharma v. Drug Enforcement Agency, 511 F. App'x 898 (11th Cir. 2013) (even where a governmental entity fails to follows its own regulations providing for procedural safeguards, it is not a denial of due process if the individual was provided with adequate notice such that his rights were not prejudiced); United States v. Caceres, 440 U.S. 741, 751–52 (1979) (mere violations of agency regulations do not raise constitutional questions). In addition, Petitioner has failed to allege any prejudice that resulted from the timing of the notice provided to him. The Court finds that the written notice provided to Petitioner contained sufficient information for the Petitioner to be informed of the charges against him as required under Wolff v. McDonnell.

Furthermore, the Petitioner was afforded the opportunity to submit a witness statement, call witnesses, and request evidence. The Petitioner declined to provide a statement or request evidence, but he did request and receive the testimony of nine witnesses. The disciplinary hearing concluded, and Petitioner was provided a written

statement detailing the evidence relied upon and the reasons for the disciplinary action. Specifically, the disciplinary board stated that it relied on the statement by the witnessing officer and Petitioner's own "written admission that he did indeed assault inmate Crosson in retaliation for alleged sexual harassment." (Doc. 9-1, p. 10.) The Court finds the evidence relied on by the disciplinary board was sufficient to meet the "some evidence" standard. To the extent Petitioner argues that the standard of proof in prison disciplinary proceedings is less or greater than "some evidence," such argument is not supported by relevant case law. See Hill, 472 U.S. at 454. Accordingly, the Court finds that Ground One fails to state a due process claim.

### B. Ground Two and Ground Three

In Ground Two Petitioner alleges that he was unable to earn gain time for six months after he was released from disciplinary confinement in violation of the constitution. (Doc. 1, pp. 13-15.) In Ground Three, Petitioner further alleges that he was unable to earn gain time while in disciplinary confinement, effectively lengthening his sentence. (Id. at 17-18.) The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33–601.101(5)(a) does not give rise to a liberty interest that triggers due process protections. Hartley v. Warden, 352 F. App'x 368, 2009 WL 3738508 (11th Cir. 2009). See, e.g, Hartley v. Ellis, 2009 U.S. Dist. LEXIS 74917, 2009 WL 564663 (N.D. Fla. 2009) (concluding petitioner had no liberty interest in eligibility to earn incentive gain time); Jones v. Sec'y, Dep't of Corr., No. 4:14CV489-MW/GRJ, 2015 WL 3952690, at *3 (N.D. Fla. June 28, 2015). Accordingly, the Court finds that Grounds Two and Three fail to state due process claims because Petitioner has no constitutional right to earn gain time.

### C. Ground Four

Finally, in Ground Four, Petitioner alleges his constitutional rights were violated when the disciplinary hearing team failed to award him with time served in administrative confinement to reduce the amount of time served in disciplinary confinement. (Doc. 1, pp. 21-23.)

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court determined that a prisoner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 486-487; see also Rogers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998)(concluding two months in administrative confinement did not constitute deprivation of a protected liberty interest); Matthews v. Moss, 506 F. App'x 981, 983 (11th Cir. 2013)(unpublished)(affirming district court's decision dismissing a plaintiff's procedural due process claim because the complaint did not allege a deprivation of a protected liberty interest and noting that the complaint did not allege any facts showing that the inmate was confined in harsher conditions than inmates in administrative confinement).

Petitioner argues that the total time he spent in disciplinary and administrative confinement "exceeded the maximum penalty" allowed for a disciplinary infraction under the Florida Administrative Code. (Doc. 1, pp. 22-23.) Time served in administrative or disciplinary confinement does not implicate a liberty interests protected by the due process clause. To the extent Petitioner claims that the disciplinary board violated an administrative rule, such argument does not implicate a constitutional issue. Violations of agency regulations do not raise constitutional questions. United States v. Caceres,

Case 5:12-cv-00400-MSS-PRL Document 51 Filed 09/18/15 Page 13 of 14 PageID 304

440 U.S. at 751–52. Accordingly, the Court finds that Ground Four of the Petition does not raise a claim for relief under federal habeas corpus law.

The Petitioner has failed to present a liberty or property interest that would trigger the protections of due process and, therefore, he fails to state a cognizable constitutional claim for habeas relief. Any of Petitioner's allegations not specifically addressed herein have been found to be without merit

## IV. Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller–El, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent;

- 13 -

2. The 28 U.S.C. § 2254 habeas petition filed by Darryl Maurice Young is **DENIED**, and this case is **DISMISSED** with prejudice;

3. Petitioner is **DENIED** a Certificate of Appealability; and

4. The Clerk of the Court is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of September, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Darryl Maurice Young
Counsel of Record

- 14 -